UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICARDO MILLS, : | |
|     Petitioner, : | |
| : | |
| v. : | NO. 3:06CV956 (MRK) |
| : | |
| MICHAEL P. LAJOIE, WARDEN, : | |
| CORRIGAN CORRECTIONAL CENTER, : | |
| : | |
|     Respondents. : | |

# RULING

Before the Court are multiple petitions for writs of habeas corpus, a motion for a writ of mandamus, a motion to amend, and a motion to receive a medical examination, all brought by *pro se* Petitioner Ricardo Mills who is currently confined at the Corrigan Correctional Center in Uncasville, Connecticut. Mr. Mills is a legal permanent resident of the United States, *see* Petition for Habeas Corpus [doc. # 1] at 2, and a citizen of Jamaica, *see* Response to Order to Show Cause [doc. # 4] at 1. In 2002, following his conviction in state court for first-degree assault, Mr. Mills received a twelve-year prison sentence. In August 2004, the former Immigration and Naturalization Service, now the Bureau of Immigration and Customs Enforcement ("BICE"), filed a Notice of Detainer, *see id.* Ex. B, notifying the State that an investigation had been initiated to determine whether Mr. Mills was subject to deportation following the completion of his state sentence. The Detainer Notice stated: "This is for notification purposes only and does not limit your discretion affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive." Response to Order to Show Cause [doc. # 4] Ex. B. The Notice asked that BICE be notified at least thirty days before Mr. Mills's release or transfer to another institution. *Id.*

On June 21, 2006, Mr. Mills filed a Petition for Writ of Habeas Corpus [doc. # 1], in which he named as Respondents the state prison in which he was housed and the warden of the facility, Warden Lajoie.[1] In his petition, Mr. Mills asserted that (1) he was in custody of the Department of Homeland Security ("DHS")[2] pursuant to the immigration detainer; (2) that the DHS had failed to provide him with a timely removal hearing in violation of his constitutional right to due process of law; and (3) that, as a result of the immigration detainer, he was unable to participate in a variety of rehabilitative programs available to other prisoners detained in Connecticut state facilities. The Court issued an Order to Show Cause [doc. # 2] to both the DHS and the State, requiring them to explain why the relief requested by Mr. Mills should not be granted.[3] Mr. Mills also filed, on September 6, 2006, a Motion for Writ of Mandamus [doc. # 6], requesting again that the Court instruct DHS to "initiate and complete an investigation as well as conduct a prompt removal proceeding . . . ." Mot. for Writ of Mandamus [doc. # 6] at 2. DHS responded to the Order to Show Cause [doc. # 2] on August 19, 2006, *see* Response to Order to Show Cause [doc. # 4], and the State responded on October 13, 2006, *see* State Respondent's Motion to Dismiss in Response to Order to Show Cause [doc. # 15]. Mr. Mills then filed his Reply to the State Respondent's Motion to Dismiss in Response to Order to Show Cause [doc. # 17] [hereinafter Reply] on October 26, 2006, in which he reiterated his claim that he was being denied access to rehabilitative programs as a result of the

---

[1] Because both Respondents are represented by the State of Connecticut, the Court will refer to the Respondents as the "State."

[2] The BICE is a department within the DHS.

[3] Mr. Mills initially failed to name the DHS as a party in the suit so the Court included in its Order to Show Cause [doc. # 2] an instruction for Mr. Mills to add the DHS as a defendant. Mr. Mills complied with that request by filing a Motion to Amend/Correct Petition for Writ of Habeas Corpus [doc. # 5] [hereinafter Motion to Amend].

immigration detainer.

During this period, Mr. Mills also filed a Motion for Medical Examination [doc. # 13] on July 12, 2006, requesting that he be seen by physician to address alleged complications resulting from prior dental surgery.  The Court issued another Order to Show Cause [doc. # 14] to the State asking why the requested relief should not be granted and the State later filed the State Respondent's Memorandum in Response to the Order to Show Cause [doc. # 16].  Finally, echoing arguments made in his Reply [doc. # 17], Mr. Mills filed a second Petition for Habeas Corpus [doc. # 18] on October 27, 2006, requesting that the Court order the State to transfer Mr. Mills to a "level two" corrections facility where he would be eligible to serve his sentence in a halfway house.

In summary, there are two petitions and four motions currently pending before the Court: 1) Mr. Mills's first Petition for Writ of Habeas Corpus [doc. # 2]; 2) Mr. Mills's Motion to Amend [doc. # 5]; 3) Mr. Mills's Motion for Writ of Mandamus [doc. # 6]; 4) Mr. Mills's Motion for Medical Examination [doc. # 13]; 5) Respondent State's Motion to Dismiss [doc. # 15]; and 6) Mr. Mills's second Petition for Habeas Corpus [doc. # 18].  For the reasons explained below, the Court grants Mr. Mills's Motion to Amend [doc. # 5] and the State's Motion to Dismiss [doc. # 15], denies both Petitions for Habeas Corpus [docs. # 1, 18] as well as his Motion for Writ of Mandamus [doc. # 6], and denies as moot Mr. Mills's Motion for Medical Examination [doc. # 13].  The Court will address each of Mr. Mills's claims in turn.

**Request for Prompt Removal Hearing**

Mr. Mills's primary complaint is that his right to Due Process has been violated because he has not been afforded a prompt removal hearing by the DHS.  Having such a removal hearing, according to Mr. Mills, would allow him to be deported expeditiously once he has completed his

state sentence. Mr. Mills emphasizes that he is not seeking to be deported prior to the completion of his state sentence. *See* Mot. for Writ of Mandamus [doc. # 6] at 2. In his attempt to receive a prompt removal hearing, Mr. Mills has filed both a Petition for Writ of Habeas Corpus [doc. # 1] as well as a Motion for Writ of Mandamus [doc. # 6]. The Court construes Mr. Mills's petitions and motions liberally, as he is proceeding *pro se*. *See Fleming v. United States*, 146 F.3d 88, 90 (2d Cir.1998) ("[A] district court must review a pro se petition ... 'with a lenient eye, allowing borderline cases to proceed.'") (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir.1983)).

In order to properly consider Mr. Mills's Petition for Writ of Habeas Corpus [doc. # 1], the Court must first determine whether Mr. Mills is the custody of the State or the DHS. As stated above, Mr. Mills is in the process of serving out a state sentence for violation of a state statute. The State represents to the Court that at a parole hearing held on September 19, 2006, Mr. Mills "was voted to parole in the discretion of the Board effective on or after January 5, 2008." State Resp't's Mem. in Supp. of Mot. to Dismiss and in Resp. to Order to Show Cause [doc. # 15] at 1. Notwithstanding the fact that Mr. Mills is (as he concedes) currently serving out his state sentence and is not eligible for release on parole at this time, Mr. Mills contends that he is actually in federal custody as a result of the filing of the immigration detainer.

Case law does not support Mr. Mills's contention. In *Roldan v. Racette*, 984 F.32d 85 (2d Cir. 1993), the Second Circuit stated that an "INS detainer constitutes (1) a notice that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and (2) a request for prior notice regarding the termination of that confinement, and thus does not result in present confinement by the INS." *Id.* at 88; *see also Bell v. INS*, 292 F. Supp. 2d 370, 373 (D. Conn. 2003) ("[C]ourts in this circuit have consistently held that an INS detainer does not subject

4

a prisoner to the custody of the INS."). Therefore, the Court concludes the Mr. Mills continues to be in state custody and is not currently in the custody of the DHS, BICE or any other agency within the federal government.

Believing that he was in federal custody, Mr. Mills brought his habeas claim under 28 U.S.C. § 2241. *See* Pet. for Habeas Corpus [doc. # 1] at 1. Section 2241 authorizes district courts to grant a writ of habeas corpus to a "prisoner . . . in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Both the State and the DHS contend that because Mr. Mills is, in fact, in state custody, he should have filed his habeas petition under 28 U.S.C. § 2254. Section 2254 states that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Second Circuit has instructed that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). Therefore, the Court will construe Mr. Mills's habeas petition as being brought under 28 U.S.C. § 2254.

Mr. Mills appears to have named both the DHS and the State as Respondents in both of his Petitions for Habeas Corpus [docs. # 1, 18]. However, the proper respondent for Mr. Mills's habeas petitions is the State, not the federal government. *See Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent is 'the person' having custody over the petitioner."). Therefore, the Court will dismiss Mr. Mills's habeas petition as to the DHS.

In addition to his Petition for Habeas Corpus [doc. # 1], Mr. Mills also filed a Motion for Writ of Mandamus [doc. # 6], in which he requests the Court to order the DHS to provide him with a prompt removal hearing. While the DHS was not the proper respondent for Mr. Mills's habeas claim, since he is not in federal custody, the DHS is the proper respondent for Mr. Mills's request for a writ of mandamus since the DHS determines when to hold removal hearings. The DHS asserts, however, that because it is within the agency's discretion as to when to hold a removal hearing for a prisoner who is properly in State custody, the Court may not issue a writ of mandamus to hold such a hearing here.

The writ of mandamus is an "extraordinary remedy," seldom granted. *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562 (2d Cir. 2005) (internal quotations omitted). The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the [respondent] to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

Because Mr. Mills is properly in State custody and it is not close to the time for his release from State custody, DHS is not obligated to hold a removal hearing. The Court has had repeated occasion to review similar requests for writs of mandamus. In *Deam v. INS*, No. 3:04CV1958(MRK), 2005 WL 2098857 (D. Conn. Aug. 30, 2005), a state prisoner requested a writ of mandamus to remove an immigration detainer because it "place[d] him in a precarious position as he will not be eligible for any type of pre-release program or halfway house due to the detainer." *Id.* at *1. The Court notes that the authority to initiate removal proceedings is found in 8 U.S.C. § 1228(a)(3)(A), which provides that the Attorney General "shall provide for the initiation . . . of

removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony." Another relevant section states that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B). In *Deam*, the Court noted that because there is no duty to act under the statute, "there is no basis for issuance of a writ of mandamus . . . ." *Deam*, 2005 WL 2098857, at *1 (citing *Medina v. INS*, No. 3:03CV902(MRK), 2003 WL 23025217, at *1 (D.Conn. Dec.17, 2003)); *see also Bell v. INS*, 292 F. Supp. 2d 370, 372 (D.Conn. 2003) (denying a request for a writ of mandamus because "the statute governing INS procedures does not mandate or even authorize an immediate hearing in front of an immigration judge after a detainer has been filed against an alien."). Therefore, the Court denies Mr. Mills's Motion for Writ of Mandamus as it relates to DHS [doc. # 6].

Turning to Mr. Mills's claims against the State, the State asserts that he lacks standing to bring a habeas petition against the State for failure to hold a prompt removal hearing. To establish standing, a "plaintiff must allege personal injury fairly traceable to the *defendant's* allegedly unlawful conduct and likely to be redressed by the requested relief." *Id*. at 751 *cited by Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) (emphasis added). Here, there is no evidence that the State is impeding the DHS from conducting a removal hearing or in any way preventing Mr. Mills from being deported in a timely manner, as he so desires. Therefore, with respect to the request for a prompt removal hearing, the Court finds that Mr. Mills's lacks standing to bring that claim against the State in his petition.

**Access to Rehabilitative Services**

In addition to requesting an immediate removal hearing, Mr. Mills includes in his habeas petition a claim that his immigration detainer has prevented him from gaining access to "rehabilitative programs [the State] affords other Connecticut prisoners." Petition for Habeas Corpus [doc. # 1] at 3. In his Reply, Mr. Mills further defines "rehabilitative programs" as placement in a halfway house program. *See* Reply [doc. # 17] at 2. Unlike his claim for a prompt removal hearing, Mr. Mills's claim for access to services offered to state prisoners is properly directed at the State.

Section 2254, however, prohibits the Court from granting Mr. Mills's Petitions for Habeas Corpus [docs. # 1, 18] unless it appears that "[Mr. Mills] has exhausted the remedies available in the courts of the State." 8 U.S.C. § 2254(b)(1)(A); *see Jimenez v. Walker*, 458 F.3d 130, 148 (2d Cir. 2006) ("Before a state prisoner may obtain a writ of habeas corpus from a federal court, the prisoner must exhaust his remedies in state court."). The record does not reflect any attempt by Mr. Mills to bring his habeas petition in state court, and the State has asserted that Mr. Mills has not yet exhausted his remedies. *See* State's Motion to Dismiss [doc. # 15] at 4-6. In addition, Mr. Mills has not offered any reason why he should be exempted from the exhaustion requirements. Therefore, the Court must dismiss Mr. Mills's habeas petition with respect to access to rehabilitative programs.

**Motion for Medical Examination**

As a final matter, Mr. Mills filed a Motion for Medical Examination on July 12, 2006, requesting that he be seen by a physician to address alleged complications from earlier dental surgery. *See* Mot. for Medical Examination [doc. # 13]. The State promptly responded to the Court's Order to Show Cause [doc. # 14] and stated that, to the State's knowledge, Mr. Mills "had not made any requests to the medical department since he had been seen on July 8, 2006." State

Resp't's Mem. in Resp. to the Order to Show Cause [doc. # 16]. Moreover, the State noted numerous appointments when Mr. Mills had seen a physician both immediately before and after he drafted his motion. *See id*. at 3. Nonetheless, in response to the Court's Order to Show Cause [doc. # 14], the State made an appointment for Mr. Mills to be seen the same day. The physician, whose affidavit is attached to the State's memorandum, stated that his assessment of Mr. Mills "was benign." *Id*. Affidavit of Ganpat Chouhan, M.D. at 1.

It appearing that the underlying medical problems that prompted Mr. Mills's Motion for Medical Examination have been adequately assessed by Mr. Mills's physician and that the State was responsive to Mr. Mills's requests to be seen by a physician once the State received the request, the Court will deny Mr. Mills's Motion for Medical Examination [doc. # 13] as moot.

In sum, the Court GRANTS Mr. Mills's Motion to Amend [doc. # 5], DISMISSES Mr. Mills's Petitions for Habeas Corpus [docs. # 1, 18]; DENIES his Motion for Writ of Mandamus [doc. # 6], and DENIES AS MOOT Mr. Mills's Motion for Medical Examination [doc. # 13]. The Court GRANTS the State's Motion to Dismiss [doc. # 15]. **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United Stated District Judge

**Dated at New Haven. Connecticut: <u>November 17, 2006</u>**.